IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BENITO NICOLAS ALANIZ, § | |
|    Petitioner, § | |
| § | |
| v. § | EP-18-CV-00242-PRM |
| § | |
| SCOTT NICKLIN, Warden, § | |
|    Respondent. § | |

### RESPONDENT'S MOTION TO STRIKE SURREPLY

COMES NOW Respondent, Scott Nicklin, Warden, Federal Correctional Institution, La Tuna, ("FCI La Tuna"), by and through the United States Attorney for the Western District of Texas, and moves to strike the portion of Petitioner's most recent filing (ECF Doc. 16) that constitutes a sur-reply, and respectfully shows the Court as follows:

#### I.    PROCEDURAL BACKGROUND

1. On August 16, 2018, Petitioner filed his "Petition Under Section 2241 to Challenge BOP Abuse of Discretion by the Deprivation of Good Time ETC, Deprivation of 41 Days of Good Time, Pursuant to an Egregious Exercise of Power that is so Capricious as to Violate the Constitution" (hereafter "Habeas Petition"). [ECF Doc. 1.]

2. On November 9, 2018, the Court entered an Order for Service and Advisory directing the Respondent to "show cause within thirty (30) days after receiving the Order as to why the relief Petitioner seeks in his Petition should not be granted by filing an answer or other responsive pleading." [ECF Doc. 6.]

3. On December 6, 2018, Respondent filed a Motion for Summary Judgment arguing that Petitioner had been afforded the due process to which he was entitled, and that sufficient

evidence supported the Disciplinary Hearing Officer's ("DHO") conclusion that Petitioner engaged in the prohibited act of introduction of a hazardous tool.  [ECF Doc. 9.]

4. On December 21, 2018, Petitioner filed a "Notice of Motion and Motion to Object to the Summary Motion Under Fed. R. of Civ. P. 56 Submitted by the Attorney for the United States and Warden-Respondent Nicklin in Accord with Fed. R. Civ. P. 12(a) and Fed. R. Civ. P. 55 (d)" ("Petitioner's Response").  [ECF Doc. 10.]  Although it was not captioned as such, Respondent construed this filing as Petitioner's Response to Respondent's Motion for Summary Judgment.

5. After obtaining an extension of time, on January 3, 2019, Respondent filed a Reply in Support of his Motion for Summary Judgment ("Respondent's Reply") and addressed the arguments raised in Petitioner's Response.  [ECF Doc. 14.]

6. On January 18, 2019, Petitioner filed a "Notice of Motion and Motion to object to the Respondent's Reply to Petitioner's Motion in Accord with Fed. R. Civ. P. 55 (d), Pursuant to Fed. R. Civ. P. 56 (h) for Summary Judgment" ("Petitioner's Sur-Reply and Motion for Summary Judgment").  [ECF Doc. 16.]  Upon a close reading of this filing (ECF Doc. 16), it appears that Petitioner has filed a sur-reply to continue to address the arguments raised by Respondent's Reply (ECF Doc. 14).  Additionally, this pleading also appears to seek summary judgment pursuant to Federal Rule 56 (h) on the basis that the declaration submitted by DHO Cole in support of Respondent's Motion for Summary Judgment is allegedly improper.  *See id*. at pp. 8-11.

7. Respondent moves to strike the portion of Petitioner's Sur-Reply and Motion for Summary Judgment that constitutes a sur-reply because Petitioner did not seek leave of court before filing the sur-reply.  See Local Rule CV-7 (f)(1).

8. In an abundance of caution, Respondent will address Petitioner's arguments that he is entitled to summary judgment based on the declaration of DHO Cole by the deadline for filing a response to a motion for summary judgment, as established by Local Rule CV-7 (e)(2). Accordingly, Respondent's deadline to file a response to Petitioner's Motion for Summary Judgment is on or before February 1, 2019.

## II. ARGUMENT AND AUTHORITIES

"The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and 'to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion.'" *Murray v. TXU Corp.,* No. Civ.A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (citations omitted). "Surreplies … are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West,* 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Pursuant to Local Rule CV-7 (f), once a reply is filed, no further submissions on the motion are allowed absent leave of court. Pro se litigants are not excused from complying with federal and local procedural rules. *Martinez v. Union Carbide Corp.*, 62 F.3d 392, 1995 WL 449829, *2 (5th Cir. 1995) citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Respondent filed his Reply in Support of His Motion for Summary Judgment on January 3, 2019 (ECF Doc. 14), and absent leave of court, no further submissions were allowed. Accordingly, Petitioner's sur-reply should be stricken.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully requests this cause be dismissed and prays for such other and further relief to which Respondent may show himself to be justly entitled.

Respectfully submitted,

**JOHN F. BASH**
UNITED STATES ATTORNEY

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant U.S. Attorney
Texas State Bar No. 24046785
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23 day of January 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the foregoing document by Federal Express to the following non-CM/ECF participant:  Benito Nicolas Alaniz, FCI-La Tuna, P.O. Box 3000, Anthony, Texas 88021, *Pro Se Petitioner*.

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BENITO NICOLAS ALANIZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-18-CV-00242-PRM |
| | § | |
| **SCOTT NICKLIN, Warden,** | § | |
| Respondent. | § | |

## ORDER

On this day came on to be considered the Respondent's Motion to Strike Petitioner's Sur-Reply. The Court, having reviewed this Motion, is of the opinion that said motion should be and is hereby GRANTED.

THEREFORE, IT IS ORDERED that Petitioner's sur-reply be and is hereby stricken.

SIGNED and ENTERED this _____ day of _____, 2019.

_____
**PHILIP R. MARTINEZ**
UNITED STATES DISTRICT JUDGE