# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| BENITO NICOLAS ALANIZ, | § | |
| Reg. No. 44925-379, | § | |
|    Petitioner, | § | |
| | § | |
| | § | EP-18-CV-242-PRM |
| | § | |
| SCOTT NICKLIN, Warden, | § | |
|    Respondent. | § | |

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

On this day, the Court considered Petitioner Benito Nicolas Alaniz's [hereinafter "Petitioner"] pro se "Petition under Section 2241 to Challenge BOP Abuse of Discretion by the Deprivation of 41 Days of Good Time, Pursuant to an Egregious Exercise of Power that Is so Capricious as to Violate the Constitution" (ECF No. 1) [hereinafter "Petition"], filed on August 16, 2018, in the above-captioned cause. Therein, Petitioner challenges a Discipline Hearing Officer's decision finding him guilty of introducing a hazardous tool—a cell phone—and sanctioning him with the loss of forty-one days of good conduct credit. Additionally, the Court considered Respondent Scott Nicklin's [hereinafter "Respondent"] "Motion for Summary Judgment" under Federal Rule of Civil Procedure 56 (ECF No. 9) [hereinafter "Motion for

Summary Judgment"], filed on December 6, 2018; Petitioner's "Notice of Motion and Motion to Object to the Summary Motion under Fed. R. of Civ. P. 56" (ECF No. 10) [hereinafter "Response"], filed on December 21, 2018; Respondent's "Reply in Support of his Motion for Summary Judgment" (ECF No. 14) [hereinafter "Reply"], filed on January 3, 2019; Petitioner's "Motion to Object to the Respondent's Reply" (ECF No. 16) [hereinafter "Surreply"], filed on January 18, 2019; Respondent's "Motion to Strike Surreply" (ECF No. 17), filed on January 23, 2019; and Respondent's "Response to Petitioner's Motion for Summary Judgment" (ECF No. 18), filed on February 1, 2019. After due consideration, the Court is of the opinion that all of Petitioner's motions should be denied, Respondent's Motion for Summary Judgment should be granted, and Petitioner's Petition should be dismissed, for the reasons that follow.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner was a federal prisoner assigned to the Federal Correctional Institution La Tuna in Anthony, Texas. Pet'r's Pet. 1, Aug. 16, 2018, ECF No. 1. During a search of his jail cell on November 3, 2017, a cell phone was discovered under his pillow. Resp't's Mot. Summ. J., Dec. 6, 2018, ECF No.

2

9-3, Ex. 1 (Decl. of C. Cole), Attach. 2 (Incident Report), at 10, § 11.   When

confronted with the phone, Petitioner claimed that "someone set him up."

*Id.* at 11, § 24.   That same day, Petitioner received Incident Report 3052444

charging him with "possession of anything not authorized," in violation of

Code 305.   *Id.* at 10, §§ 9–11.   In addition, Petitioner's case was referred to

the Unit Discipline Committee ("UDC") for further proceedings.   *Id.* at 11,

§ 27.

On November 7, 2017, Petitioner received a re-written Incident Report

charging him with a more serious offense, "possession of a portable telephone,

or electronic device," in violation of Code 108.   *Id.* at Attach. 2 ((Revised)

Incident Report), at 8, §§ 9–11.   During an investigation into this charge,

Petitioner claimed "[t]his report is not true, the phone does not belong to me

it belongs to my cellie.   I was at the yard when [they] found it."   *Id.* at 9,

§ 24.

Petitioner appeared before the UDC on November 8, 2017.   *Id.* at 8,

§§ 17–21.   Petitioner maintained that the phone was not his and explained

that the owner admitted to putting it under his pillow.   *Id.* at § 17.

Petitioner's case was referred to the Discipline Hearing Officer ("DHO") due

3

to the severity of the charged act. *Id.* at §§ 18, 19, 21. Petitioner received an Inmate Rights at Discipline Hearing form. *Id.* at Attach. 3 (Inmate Rights at Discipline Hearing), ECF No. 9-3. Petitioner did not request a staff representative, but he did request a witness—the purported owner of the cell phone. *Id.* at Attach. 4 (Notice of Discipline Hearing Before the (DHO)).

On November 30, 2017, Petitioner appeared before the DHO for a hearing. *Id.* at Attach. 5 (Discipline Hearing Officer Report), at 17, § I.B. Petitioner's witness testified, "[t]he phone is not his. It's my phone." *Id.* at § III.C.2. Despite the testimony of the witness, the DHO found Petitioner committed the prohibited act of "Introduction of a Hazardous Tool," a cell phone, in violation of Code 108. *Id.* at 18, § V. The DHO explained that Petitioner's witness never claimed that he put the cell phone under Petitioner's pillow, and Petitioner's multiple explanations for the presence of the cell phone under his pillow made him less credible:

> The DHO considered and relied upon the witness's statement during the DHO hearing. He indicated the phone was not yours, but was his. The DHO based sum [sic] facts to the witness statement. Although the witness claims ownership of the cell phone, he was not found in possession of the cell phone at the time of the incident. Further, at no time did the witness indicate that

he put the cell phone under your pillow. The phone was found in your assigned bed assignment, 115L as described in section 11 of the incident report. You are responsible for your assigned bed assignment at all times. The witness's statement was considered and forwarded to the SIS office pending further investigation.

The DHO considered your statement during the initial incident investigation. You stated, "Someone set me up." During the incident report re-investigation, you stated, "The report is not true. The phone does not belong to me. It belongs to my cellie. I was at the yard when they found it." During the UDC review, you stated, "The phone is not mine. The owner admitted he put it there." . . . The DHO considered your statements to be conflicting and less than credible. You initial [sic] said someone set you up, and then you said your cellie claimed ownership. The DHO notes throughout the disciplinary process, the witness did not admit to putting the cell phone under your pillow at any time. The DHO gives greater weight of the evidence to the reporting staff member's account of the incident, statements and presented documentation, to find you committed the prohibited act.

*Id.* The DHO sanctioned Petitioner to the loss of forty-one days of good conduct time, thirty days of disciplinary segregation (suspended 180 days pending clear conduct), and 180 days loss of phone, commissary, and visiting privileges. *Id.* at § VI.

Petitioner exhausted issues related to Incident Report No. 3052444 through the Bureau of Prisons' process for resolving prisoner complaints. *Id.* at Attach. 6 (Administrative Remedy No. 926716).

In his instant Petition, Petitioner challenges the DHO's decision finding

5

him guilty of possessing a cell phone. Pet'r's Pet. Specifically, Petitioner claims that, although the cell phone was found under his pillow, another inmate came forward and admitted, in an affidavit, that he owned the cell phone. *Id.* at 2. "Stunningly, despite the affidavit and the verbal confession of ownership of the cell phone, [Petitioner] was slapped with a number of sanctions including . . . forty one (41) days loss of Good Time." *Id.* Accordingly, Petitioner asks the Court to order the Bureau of Prisons to restore the forty-one days of lost good conduct credit. *Id.* at 4.

Respondent moves for summary judgment. Resp't's Mot. Summ. J., Dec. 6, 2018, ECF No. 9. Respondent argues that the Bureau of Prisons met all the due process and evidentiary requirements for a prisoner's disciplinary hearing. "Petitioner has not been denied due process in connection with" his disciplinary hearing "and the DHO had 'some evidence' that Petitioner committed the prohibited act." *Id.* at 9. Hence, Respondent asks the Court to grant its Motion for Summary Judgment and dismiss Petitioner's Petition.

Petitioner claims in his Response to the Motion for Summary Judgment that there is a genuine issue of material fact concerning the ownership of the cell phone. Pet'r's Resp. 4, Dec. 21, 2018, ECF No. 10. He suggests that,

since he was not the owner of the cell phone, he should not be held accountable for its presence under his pillow. In addition, he asks the Court to enter a default judgment against Respondent. *Id.* at 2. Specifically, he argues that Respondent failed to answer the Court's Order directing him to show cause why it should not grant Petitioner the relief he requested. *Id.* at 2, 7.

Respondent counters in a Reply "that a default judgment is not appropriate in a habeas proceeding." Resp't's Reply 2, Jan. 3, 2019, ECF No. 14 (citing *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985)). In addition, Respondent notes that "a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is permissible in federal habeas corpus cases." *Id.* (citing *Clark v. Johnson*, 202 F.3d 760, 764–65 (5th Cir. 2000) (citations omitted)). Finally, Respondent avers that he addressed all the material issues raised by Petitioner:

> To the extent Petitioner argues Respondent failed to address the issues raised in his habeas petition, this argument also fails because Respondent's Motion establishes that Petitioner was provided all of the procedural requirements necessary for a disciplinary hearing, and that there was sufficient evidence to support the Discipline Hearing Officer's ("DHO") conclusion.

*Id.* at 2–3. Consequently, Respondent concludes, there is no basis for a

7

default judgment. *Id.* at 3.

Petitioner continues to address arguments raised by Respondent in his Reply in a Surreply filed without leave of the Court. Pet'r's Surreply, Jan. 18, 2019, ECF No. 16. In addition, he appears to ask the Court to deny Respondent's Motion for Summary Judgment based on Federal Rule of Civil Procedure 56(h), which permits a court to sanction a party or attorney who submits an affidavit or declaration in bad faith. *Id.* at 16. Specifically, Petitioner alleges that Respondent offered the affidavit of DHO C. Cole "in bad faith." *Id.*

Respondent moves to strike Petitioner's Surreply. Resp't's Mot to Strike, Jan. 23, 2019, ECF No 17. He reasons that "Petitioner did not seek leave of court before filing the sur-reply." *Id.* at 2 (citing W.D. Tex. Local Rule CV-7 (f)(1)). In addition, in an abundance of caution, Respondent files a "Response to Petitioner's Motion for Summary Judgment." Resp't's Resp., Feb. 1, 2019, ECF No. 18. Therein, Respondent argues that there is no reason to exclude Cole's declaration:

> Although the grounds for Petitioner's Motion for Summary Judgment are less than clear, Respondent would show Petitioner is not entitled to sanctions or to summary judgment, and there is no basis to exclude the declaration of DHO Cole.

*Id.* at 3.  Respondent contends that Petitioner's "conclusory allegations are not competent summary judgment evidence and they are therefore insufficient to defeat or support a motion for summary judgment."  *Id.* at 4 (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).

## II.  LEGAL STANDARD

### A.    Petition for a Writ of Habeas Corpus

"Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'"  *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).   Habeas corpus relief will not be granted unless the petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c).

A prisoner's challenge to a disciplinary action may fall within the scope of 28 U.S.C. § 2241.   *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).   However, before a prisoner may obtain habeas relief, he must first show that his disciplinary action resulted in a punishment which intruded on a liberty interest.   *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir.

9

1995). In addition, a prisoner's constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Accordingly, a prisoner has a liberty interest in his accumulated good conduct time. *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, an inmate has "no right to unlimited telephone use." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Hence, a prisoner's "90 days loss of telephone privileges" does not implicate a protected liberty interest. *Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002).

When a prisoner faces a loss of a protected liberty interest through a disciplinary hearing, he is entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, a prisoner's "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. For a prison disciplinary proceeding to comport with the requirements of due process, a prisoner need only be afforded the following minimal procedural safeguards: (1) advance written notice of the disciplinary charges; (2) an

opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). Additionally, a prisoner must be presented with "some facts" or a "modicum of evidence" which supports the disciplinary decision. *Id.* at 454–55.

A court's determination of "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) ("[T]he court may act only where arbitrary or capricious action is shown."). Indeed, a court's review is "extremely deferential" and it will overturn a disciplinary proceeding "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

## B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 permits summary judgment "if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). If the moving party meets this burden, the non-movant must show that specific facts exist over which there is a genuine issue for trial. *Little*, 37 F.3d at 1075.

## III. ANALYSIS

Here, Petitioner challenges a disciplinary action which resulted in him forfeiting good conduct credits. Specifically, he maintains that he did not own the cell phone found under his pillow and he should not be disciplined for its presence there.

Additionally, Petitioner asks the Court to enter a default judgment

against Respondent. Pet'r's Resp. 2. He argues that Respondent failed to answer the Court's Order directing him to show cause why it should not grant Petitioner the relief he requested. *Id.* at 2, 7.

Respondent correctly points out that "a default judgment is not appropriate in a habeas proceeding." Resp't's Reply 2 (quoting *Wiggins*, 753 F.2d at 1321). Furthermore, Respondent addressed the material issues raised by Petitioner. Hence, there is no basis for a default judgment. Additionally, Respondent correctly points out that "Petitioner did not seek leave of court before filing the sur-reply." Resp't's Mot to Strike 2 (citing W.D. Tex. Local Rule CV-7 (f)(1)). Consequently, the Court will strike Petitioner's surreply.

Disciplinary actions which result in the loss of good conduct credits "must comply with minimal procedural requirements." *Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (per curiam) (citing *Henson*, 213 F.3d at 898); *Deen-Mitchell v. Young*, 490 F. App'x 650, 650–51 (5th Cir. 2012) (per curiam). These minimal due process protections are set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Here, Petitioner does not dispute that each of the four *Wolff* requirements were met.

The first *Wolff* factor requires that the inmate be provided advance written notice of the charges at least twenty-four hours before a disciplinary hearing. On November 3, 2017, Petitioner received his first written notice that he was charged with possession of anything not authorized after a cell phone was found hidden under a pillow on his bed. Resp't's Mot. Summ. J., Dec. 6, 2018, ECF No. 9-3, Ex. 1, Decl. of C. Cole, Attach. 2 (Incident Report), at 10, § 14–16. Additionally, on November 7, 2017, he received a re-written report containing the same underlying facts but charging him with possession of a portable telephone or electronic device. *Id.* at Attach. 2 ((Revised) Incident Report), at 8, §§ 14–16. The following day, on November 8, 2017, Petitioner appeared before the UDC. *Id.* at §§ 17–21. In addition, Petitioner received a copy of a form explaining his rights at a discipline hearing. *Id.* at Attach. 3 (Inmate Rights at Discipline Hearing). Subsequently, on November 30, 2017, Petitioner appeared before the DHO for his discipline hearing. *Id.* at Attach. 5 (Discipline Hearing Officer Report). Accordingly, Petitioner received more advance notice of the disciplinary hearing than the twenty-four hours called for in *Wolff*.

Additionally, the second *Wolff* factor, the opportunity to appear at the

hearing, to call witnesses, and to present rebuttal evidence, was satisfied in this case. Specifically, the record reflects that Petitioner appeared before the DHO, was advised of his rights, made a statement, and called a witness. *Id.* at 17, §§ I–III. Accordingly, Petitioner cannot dispute that the second *Wolff* factor was satisfied.

Furthermore, the third *Wolff* factor, assistance of a staff or inmate lay advocate where the charged inmate is illiterate or the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, was satisfied. Although it does not appear that Petitioner is illiterate or that the charges against him were complex, Petitioner was nonetheless offered the opportunity to receive the assistance of a staff representative. However, he waived that right. *Id.* at Attach. 4 (Notice of Discipline Hearing Before the (DHO)). Therefore, the third *Wolff* factor was satisfied.

Finally, the fourth *Wolff* factor was satisfied, as demonstrated by the report the DHO prepared. *Id.* at Attach. 5 (Discipline Hearing Officer Report). On December 11, 2017, Petitioner was provided a written statement as to the evidence the DHO relied on and the reasons for the

actions the DHO took, as required in *Wolff*.  *Id.*, at p. 19.

Petitioner disputes the DHO's conclusion—despite another inmate coming forward and admitting that he owned the cell phone—that Petitioner possessed a cell phone.  Pet'r's Pet. 1–2.  Petitioner argues, "Stunningly, despite the affidavit and the verbal confession of ownership of the cell phone, [Petitioner] was slapped with a number of sanctions including . . . forty one (41) days loss of Good Time."  *Id.* at 2.

"The federal courts cannot assume the task of retrying all prison disciplinary disputes.  No de novo review of the disciplinary board's factual finding is required."  *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). In order to successfully challenge a DHO's determination regarding the sufficiency of the evidence, a petitioner must ultimately demonstrate that "there is no evidence whatsoever to support the decision."  *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

Petitioner argues that he did not own the cell phone concealed under his pillow and, therefore, he should not be held accountable for its presence under his pillow.  However, the issue is not whether Petitioner owned the cell phone; it is whether he possessed the cell phone.

16

"'Possession' of a contraband may be either actual or constructive."

*United States v. Cardenas*, 748 F.2d 1015, 1019 (5th Cir. 1984) (citing *United States v. Riggins*, 563 F.2d 1264 (5th Cir. 1977)). A person has constructive possession if he has "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." *United States v. Salinas-Salinas*, 555 F.2d 470, 473 (5th Cir. 1977). In this Circuit, the courts use a "'commonsense, fact-specific approach' to the constructive possession problem." *United States v. McKnight*, 953 F.2d 898, 902 (5th Cir. 1992) (quoting *United States v. Smith*, 930 F.2d 1081, 1086 (5th Cir. 1991)) (declining to endorse the Texas Court of Criminal Appeals' "affirmative link" rule). The courts "examine the merits of each constructive possession case independently; previous cases serve as illustration only." *Id.* (quoting *United States v. Onick*, 889 F.2d 1425, 1429 (5th Cir. 1989)).

In the instant case, the DHO used a commonsense, fact-specific approach to the constructive possession problem. Specifically, the DHO stated that the DHO relied upon the reporting employee's account of the incident, which described how the cell phone was found hidden underneath a pillow on Petitioner's bed. Resp't's Mot. Summ. J., Ex. 1, Attach. 5, at 18, §

17

V. Additionally, the DHO considered the statement of the Petitioner that he did not own the cell phone and the statement of the Petitioner's requested witness who claimed that the phone belonged to him. *Id.* The DHO determined that the greater weight of the evidence supported the finding that Petitioner committed the prohibited act of introducing the cell phone. *Id.* Furthermore, as Petitioner does not dispute that the cellphone was found under his pillow on his assigned bed, there is some evidence that he exercised constructive possession over the cell phone. Thus, based on the facts in this case, the DHO reasonably concluded that there was some evidence that Petitioner constructively possessed the cell phone.

## IV.   CONCLUSION AND ORDERS

Accordingly, the Court concludes that there are no disputes as to any material fact. In sum, Respondent provided Petitioner with the process required pursuant to *Wolff*, and there was some evidence to support the DHO's conclusion that Petitioner engaged in prohibited conduct. Therefore, Petitioner cannot establish he was deprived of some right secured by the Constitution or laws of the United States. Accordingly, Petitioner is not entitled to a default judgment, summary judgment in his favor, or federal

habeas corpus relief. Furthermore, Respondent is entitled to summary judgment.

Accordingly, **IT IS ORDERED** that Petitioner's motion to enter a default judgment against Respondent in his "Notice of Motion and Motion to Object to the Summary Motion under Fed. R. of Civ. P. 56" (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's "Motion to Strike Surreply" (ECF No. 17) is **GRANTED** and Petitioner's "Motion to Object to the Respondent's Reply" (ECF No. 16) is **STRUCK**.

**IT IS FURTHER ORDERED** that any motion for summary judgment submitted by Petitioner is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's "Motion for Summary Judgment" (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's pro se "Petition under Section 2241 to Challenge BOP Abuse of Discretion by the Deprivation of 41 Days of Good Time, Pursuant to an Egregious Exercise of Power that Is so Capricious as to Violate the Constitution" (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all other pending motions are DENIED AS MOOT.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this ___17th___ day of **July, 2019**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE